NOT FOR PUBLICATION                                                                          **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

ARY CARREIRA,                               :

        Petitioner,              :          Civil Action No. 13-4630 (SRC)

        v.                                :

ROY L. HENDRICKS, et al.,           :          **MEMORANDUM OPINION AND ORDER**

        Respondents.             :
_____

      This matter comes before the Court upon Petitioner's application to reopen this matter, see ECF No. 11, and it is appearing that:

      On July 31, 2013, Petitioner, then a removal-period alien detainee, commenced this Section 2241 habeas matter challenging his Section 1231(a)(1)(A)-based detention under Zadvydas v. Davis, 533 U.S. 678 (2001). See ECF No. 1. Since Petitioner, a native and citizen of Brazil: (a) was ordered removed by the immigration judge on October 23, 2006; (b) had the Board of Immigration Appeals ("BIA") affirm his order of removal in December 2008; but (c) has been obstructing his removal to Brazil (in light of the conviction underlying his order of removal being "down-graded" on July 2, 2013, and his petition for review so asserting being filed with the Court of Appeals), this Court dismissed Petitioner's removal-statute-based challenges and denied his Section 2241 petition. See Carreira v. Hassell, No. 13-4630, 2013 U.S. Dist. LEXIS 168480, at *5 (D.N.J. Nov. 26, 2013) ("the alien may remain in detention during such extended period, if the alien 'acts to prevent the alien's removal ensuing from his/her order of removal'") (quoting 8 U.S.C. § 1231(a)(1)(C) and citing Hany El Sayed v. Holder, No. 11-7324, 2012 U.S. Dist. LEXIS 16808, at *10, n.6 (D.N.J. Feb. 9, 2012), and Pelich v. INS, 329

F.3d 1057, 1060 (9th Cir. 2003)).  The Court, however, explained that "[s]uch dismissal [was] without prejudice to raising Petitioner's challenges [to his detention] in a new and separate § 2241 petition if Petitioner's status reverts to that of a pre-removal-period detainee and his claims [based on his 8 U.S.C. § 1226(c) status] ripen."  Id. at *1-2.

On January 30, 2014, the Court of Appeals entered an order in Petitioner's appellate matter commenced on the basis of his above-mentioned petition for review.  See Carreira v. Att'y Gen. of the U.S., USCA No. 13-3826, ECF dated Jan. 30, 2014.  The Court of Appeals' order indicated that "Petitioner's motion to reopen his removal proceedings was granted by the Board of Immigration Appeals, [and, therefore,] there [was] presently no final order of removal." Id. at 1.  Correspondingly, the Court of Appeals' order verified that Petitioner's status has in fact reverted to that of a pre-removal-period detainee.  Apparently confused about this Court's guidance that his pre-removal-period detention challenge should be litigated in a new and separate Section 2241 matter, Petitioner moved for reopening of the instant matter, now challenging his pre-removal detention under Demore v. Hyung Joon Kim, 538 U.S. 510 (2003), and Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011).  See ECF No. 11.  While Petitioner's filing in the instant matter was an error, Petitioner's *cumulative* pre-removal-period detention consisting of his initial pre-removal-period (running from the point in time when he was taken in the immigration custody and until the BIA affirmed his order of removal) and his currently running removal period (triggered upon the BIA grant of his motion to reopen his removal proceedings) might have been so unduly prolonged within the meaning of Diop that it entitles him to a bond hearing before an immigration judge.  See Alvarez-Monroy v. Shanahan, Civil Action No. 14-0708 (SRC) (D.N.J.) (filed Jan. 31, 2014, term. Apr. 22, 2014), ECF No. 4, at 2 and n.2 (granting the petitioner a habeas writ on the basis of such cumulative period and

citing <u>Leslie v. AG</u>, 678 F.3d 265, 271-72 (3d Cir. 2012), for the observation that "a bond hearing is warranted if an alien was detained pursuant to § 1226 for a period of nearly four full years, since such period was unreasonable absent an "individualized inquiry into whether detention was still necessary to fulfill the statute's purposes") (internal quotation marks and brackets omitted).

IT IS, therefore, on this 29th day of April, 2014,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED.  PETITIONER'S SUBMISSION, ECF No. 11, IS IMPROPERLY FILED AND PRESENTS A NEW AND SEPARATE HABEAS PLEADING"; and it is further

ORDERED that the Clerk shall close the file on this matter; and it is further

ORDERED that the Clerk commence a new and separate matter for Petitioner designating "ARY CARREIRA" as "Petitioner," "WARDEN" as "Respondent," "Cause" as "28:2241 Petition for Writ of Habeas Corpus (federal)" and "Nature of Suit" as "463 Habeas Corpus - Alien Detainee"; and it is further

ORDERED that the Clerk shall file this Memorandum Opinion and Order in the new matter commenced for Petitioner; and it is further

ORDERED that the Clerk shall file Petitioner's application (docketed in this matter as ECF No. 11) in that new matter and accompany that docket entry with the docket text reading, "Section 2241 petition asserting pre-removal detention challenges"; and it is further

ORDERED that, within thirty days from the date of entry of this Memorandum Opinion and Order, Petitioner shall submit either his $5 filing fee or his <u>in forma pauperis</u> application in that new matter; and it is further

ORDERED that the Clerk shall designate David Edward Dauenheimer, Esq. (Office of the U.S. Attorney, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102, email: david.dauenheimer2@usdoj.gov) as counsel for Respondent and "Attorney to Be Noticed" in that new matter; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Respondent in this and in that new matter by means of electronic delivery, accompanying that service by a notation reading, "ACTION BY RESPONDENT REQUIRED IN PETITIONER'S NEW MATTER": and it is further

ORDERED that, within thirty days from the date of entry of this Memorandum Opinion and Order, Respondent shall show cause, in that new matter, why Petitioner's application for a bond hearing before an immigration judge should not be granted in light of Petitioner's cumulative period of pre-removal detention, the guidance provided by the Court of Appeals in Leslie v. AG, 678 F.3d 265 (3d Cir. 2012), and this Court's ruling in Alvarez-Monroy v. Shanahan, Civil Action No. 14-0708; and it is further

ORDERED that Petitioner, if he so desires, may file his traverse to Respondent's response within fifteen days from the date of his receipt of the response; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested, and enclose in said mailing: (a) the docket sheet generated in the new matter commenced for Petitioner; and (b) a blank in forma pauperis form for incarcerated individuals seeking to commence a Section 2241 action.

                                               s/ Stanley R. Chesler
                                               **STANLEY R. CHESLER,**
                                               **United States District Judge**